UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHEEBA B. ORIKO,<br><br>  Plaintiff,<br><br>  v.<br><br>STARBUCKS CORPORATION, a Washington corporation; and HEATHER SCHMIDT,<br><br>  Defendants. | Case No. C07-5230FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS DEFAMATION CLAIM FOR FAILURE TO STATE A CLAIM |

**INTRODUCTION**

Plaintiff was employed by Starbucks as a project manager from March 12, 1005 until her termination on April 12, 2006. Defendant Heather Schmidt, was employed by Starbucks as a manager, and was Plaintiff's immediate supervisor. Plaintiff's First Amended Complaint asserts six claims for relief: race discrimination (Title VII violation), violation of 42 U.S.C. § 1981, national origin discrimination, gender discrimination and sexual harassment, retaliation, and defamation.

Defendants Starbucks and Schmidt move pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of Plaintiff's defamation claim against defendants. Defendants move for dismissal of the defamation claim because Plaintiff's "claim is based *solely* on (1) alleged vulgarisms and slurs that, while indisputably offensive, do not constitute *defamation*, as a matter of well-settled law, and (2) vague and conclusory allegations that fail to satisfy the fair notice pleading requirements under Federal Rule

ORDER - 1

of Civil Procedure 8(a)(2) because they identify neither the *substance* of allegedly defamatory statements nor *when* they were made." (Defendants' Motion, p. 2, emphasis in original)

## APPLICABLE LAW

Dismissal is proper under Rule 12(b)(6) when the plaintiff lacks a "cognizable legal theory" or has failed to present "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). *Accord, Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While the Court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them, the Court is not bound by conclusory allegations; nor is it obliged to make unreasonable inferences. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031 (1981).

A plaintiff must prove the following elements in a defamation action against a non-media defendant regarding private affairs: (1) falsity; (2) lack of privilege; (3) fault; and (4) damages. *Mohr v. Grant*, 153 Wn.2d 812, 822 (2005). To satisfy the falsity element of a defamation claim, a plaintiff must prove that the offensive statement, whether in the form of a statement or opinion, falsely expresses or implies *provable facts. Id.* at 822 – 23. Before the truth or falsity of an allegedly defamatory statement can be assessed, a plaintiff must prove that the words constituted a statement of fact, not an opinion. *Robel v. Roundup Corporation*, 148 Wn.2d 35, 55 (2003). This is a threshold question of law for the court. *Id.* A statement should be examined in the totality of the circumstances in which it was made to determine whether the statement should be characterized as nonactionable opinion. *Dunlap v. Wayne*, 105 Wn.2d 529, 539 (1986); *Robel* 148 Wn.2d at 56. "To determine whether a statement is nonactionable, a court should consider at least (1) the medium and context in which the statement was published, (2) the audience to whom it was published, and (3) whether the statement implies undisclosed facts." *Dunlap, id., Robel, id.* In *Dunlap*, a letter from the defendant's attorney to the plaintiff's attorney stated that it appeared that an agreement

ORDER - 2

constituted a "kick-back" to the plaintiff. In *Robel*, the plaintiff's co-workers called her a series of vulgar names. The Court in both cases applied the three factors listed above and determined the statements to be nonactionable opinion.

Under the Federal Rules, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Ninth Circuit has held that a defamation claim satisfies the pleading standards of Rule 8 where the allegations identify the substance of the allegedly defamatory statements and the time and place in which they were made. *See Franchise Realty Interstate Corp. v. S.F. Local Joint Executive Bd. Of Culinary Workers,* 542 F.2d 1076, 1085 (9th Cir. 1976)(dismissing complaints that failed to identify content of allegedly false statements); *cf. Flowers v. Carville*, 310 F.3d 1118, 1131 (9th Cir. 2002)(plaintiff stated sufficient defamation claim where complaint "list[ed] the precise statements alleged to be false and defamatory, who made them and when."). *Accord, Harris v. City of Seattle*, 315 F. Supp. 2d 1112, 1123-24 (W.D. Wash 2004).

## DISCUSSION

The three defamatory statements that Plaintiff attributes to Defendant Schmidt are contained in Paragraphs 13 and 16 of the First Amended Complaint. The first statement alleged is that at a group meeting of Starbucks employees, Schmidt presented plaintiff to the group saying "Here is your new manager" then winked to the group and said, "You know – equal opportunity." (First Amended Complaint ¶ 13.) The second alleged statement of Schmidt's is that when Plaintiff would object to Schmidt's comments on Plaintiff's appearance, Schmidt loudly stated, "She's just on her period!" ( *Id.* ¶ 16.) Plaintiff also alleged that Schmidt used the acronym "PMS" numerous times and frequently referred to the plaintiff as "the PMS woman." ( *Id.* ¶ 16.)

Defendants argue that the first statement was not intended to be understood by others as an express or implied fact; and Plaintiff admits in Paragraph 13 that "everyone knew the selection process for group manager had not started yet." Defendants argue that the second statement –

ORDER - 3

1  "she's just on her period!" – is nonactionable opinion because it would have registered with those

2  present as a joke or an insult and it overtly purports to explain the basis for Plaintiff's objection to

3  Schmidt's comments about Plaintiff's physical traits.  Defendants argue that the alleged references to

4  Plaintiff as "the PMS woman" and use of the acronym "PMS" cannot reasonably be perceived as

5  statements of fact rather than opinion, because Plaintiff has alleged the references were "frequent"

6  and at "numerous times."

7        Plaintiff responds first asserting that the comments in the complaint were only "a very small

8  sampling of the defamatory comments made by Ms. Schmidt."  (Response p. 2.)  Plaintiff goes on to

9  opine that here case is much different that the *Robel* case, Schmidt being Plaintiff's supervisor rather

10  than a co-worker.  Plaintiff also makes assertions about her discrimination and retaliation claims

11  when as she analyzes the context of the statements as well as the audience.  Plaintiff also asserts that

12  discovery has not started in this case.

13        Defendants have properly brought a Rule 12(b)(6) motion, which at this stage of the

14  proceedings tests whether the facts alleged in the Plaintiff's complaint, if true, would entitle Plaintiff

15  to a remedy for defamation.  Plaintiff has failed to carry her burden, and the Court concludes that the

16  alleged statements are nonactionable opinion.  First, considering the "medium and context" of the

17  alleged statements: the "Here is your new manager" statement accompanied by the wink to the

18  group, was not meant to be factual; Plaintiff acknowledges as much, as she states in her complaint

19  that "everyone knew the selection process for group manager had not started yet." (First Amended

20  Complaint ¶ 13.)  The "PMS" and "She's just on her period" statements are also oral and Schmidt's

21  opinion as to why Plaintiff would object to Schmidt's statement about her appearance.

22        The audience of male and female co-workers heard the remarks Schmidt made to Plaintiff,

23  and as Plaintiff stated the remarks were made numerous times, the co-workers must have been

24  prepared for exaggeration similar to the situation in *Dunlap*.

25        The third factor, whether the statements imply undisclosed facts, must be answered in the

26  ORDER - 4

negative. "Here is your new manager" uttered with a wink is obviously meant not to be true, and all understood that the selection process for group manager had not begun. The PMS remarks also cannot be said to imply undisclosed defamatory facts, as there is nothing implied about the statements obviously intended to be a joking response to Plaintiff's objections to Schmidt's criticisms.

Plaintiff's further assertions in Paragraph 16 that "continuously and at numerous times, defendant Schmidt made personal comments s to plaintiff's hairstyle, teeth, make-up, fingernails, perfume and skin tone" to the extent that they intended to be defamatory comments, fail because they neither reveal the content of the comments or when they were made. Plaintiff did not respond to this argument in her response.

Accordingly, Plaintiff's defamation claim must be dismissed as she has failed to state a claim for which relief can be granted.

NOW, THEREFORE, IT IS ORDERED: Defendants' Motion To Dismiss Plaintiff's Defamation Claim for Failure To State A Claim [Dkt. # 20] is GRANTED, and Plaintiff's Defamation claim – her Sixth Claim for Relief – is DISMISSED.

DATED this 31st day of October, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5