1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

SHEEBA B. ORIKO,

        Plaintiff,

   v.

STARBUCKS CORPORATION, a
Washington corporation; and HEATHER
SCHMIDT,

        Defendants.

Case No. C07-5230FDB

ORDER DISMISSING CAUSE OF
ACTION & DENYING SUMMARY
JUDGMENT

**INTRODUCTION**

17

18

19

20

21

22

23

24

25

      Plaintiff Oriko was hired in March 2005 as an IT-Senior Project Manager in Starbucks'

Information Technology-Project Management Services ("IT-PMS") group at the Seattle Support

Center in March 2005.  (Oriko Dep. at 68:13-21).  Defendant Heather Schmidt hired Oriko and was

Oriko's immediate supervisor.  Oriko was discharged on April 12, 2006 by Starbucks for poor work

performance.  Oriko filed this lawsuit on May 7, 2007.  The parties engaged in mediation on May 29,

2008 (Oriko proceeding pro se), but the case did not settle [Dkt. # 49].  Oriko's Title VII claims

against Heather Schmidt (now Peabody) and her defamation claim against both defendants have been

dismissed.   Starbucks now moves for summary judgment on all remaining claims.

26

ORDER - 1

1    Starbucks' summary judgment motion was noted pursuant to the Local Rules for July 4,

2    2008 (the fourth Friday following June 12, 2008).

3        The day before Oriko's response to the summary judgment motion was due, she filed a

4    document entitled "Plaintiff's Dismissal of Claim" in which she stated:

5        I, Sheeba B. Oriko, plaintiff in Pro Se, wish to inform the court that after
         engaging in discovery, now believe that defendants Starbucks Corporation and
6        Heather Schmidt have realized that they wronged me. I also see some reasons why
         they ended my employment.

7
         I therefore dismiss this lawsuit.
8
     [Dkt. # 59, June 29, 2008]
9
        Starbucks then filed its Reply in support of their summary judgment motion on July 3, 2008,
10
     arguing that no opposition had been filed – noting Oriko's dismissal of claim –  and that the Court
11
     could dismiss the case pursuant to Fed. R. Civ. P. 41(a)(1)(i) "upon such terms and conditions as the
12
     court deems proper," and that it would be appropriate to grant Starbucks' summary judgment
13
     motion pursuant to Fed. R. Civ. P. 56(e).
14
        On July 7, 2008, Oriko filed "Plaintiff's Reply in Opposition To Defendant's Motion for
15
     Summary Judgment."   In her Reply, Oriko states that from June 2, 2008 through July 2, 2008 she
16
     was ill, and she requests that the Court order a second mediation.
17
        Also on July 7, 2008, Oriko filed a document entitled "Plaintiff's Response in Opposition To
18
     Defendant's Motion for Summary Judgment." [Dkt. # 62]   In her response, Oriko asserts that her
19
     supervisor (Defendant Heather Schmidt, now Peabody) made racial and sexual comments to her, and
20
     that when she reported the unlawful racial and sexual harassment to Human Resources, she was
21
     retaliated upon, put on probation, documented, then fired.  Oriko also asserts that she received good
22
     performance reviews in June 2005 and October 2006, and that it was only in January 2006 that she
23
     received an "off-cycle" performance review for purposes of documentation.  Oriko attaches certain
24
     referenced materials in support of her arguments.
25

26   ORDER - 2

1    On July 9, 2008, Starbucks filed a reply to the two July 7 documents filed by Oriko, and

2    asserted that Oriko presented no specific admissible evidence to support the elements of her claims.

3                           **DISCUSSION AND CONCLUSION**

4    The record in this case persuades the Court to grant Plaintiff a dismissal of this case upon her

5    "Dismissal of Claim" filed June 27, 2008, which the Court construes as a motion for dismissal

6    pursuant to Fed. R. Civ. P. 41(a)(2).  Oriko has been proceeding pro se since her original counsel

7    died and was terminated from this case on November 26, 2007.  Although attorney George

8    Theodore Hunter appeared on Oriko's behalf on March 20, 2008, Oriko filed a notice on April 23,

9    2008 that she was withdrawing as Hunter's client.  On April 29, 2008, Hunter filed his declaration in

10   support of Oriko's letter and on the same day Oriko filed her Motion to Remove Attorney of

11   Record, to which Starbucks filed its opposition on May 2, 2008.   By Order of May 5, 2008, the

12   Court allowed Oriko to proceed pro se and Hunter to withdraw, and also continued time to complete

13   discovery to June 5, 2008.  Oriko's declaration on July 7, 2008 that she was ill for virtually the entire

14   month of June, which compromised her prosecution of this case and response to summary judgment,

15   nevertheless did not prevent her from filing on the same day an opposition to summary judgment,

16   including exhibits in support of her response.   A review of everything before the Court at this time

17   reveals that Oriko's case is not compelling; nevertheless, the same circumstances warrant dismissal

18   rather than a grant of summary judgment.  This is not to say, however, that merely because Oriko is

19   pro se she has unimpeded leeway to set her own schedule in a case, to start over when it suits her,

20   and to cause the opposing party to incur costs.  Oriko may be subject to monetary sanctions,

21   including opposing party's costs for failing to meet Court ordered deadlines in any future case.

22          ACCORDINGLY, IT IS ORDERED: Pursuant to Plaintiff Oriko's Statement of Dismissal of

23   Claim [Dkt. # 59], this cause of action is DISMISSED, and Defendants' Motion for Summary

24   Judgment [Dkt. # 51] is DENIED.

25

26   ORDER - 3

1    DATED this 21st day of July, 2008.

2

3                                     _____

4                                     FRANKLIN D. BURGESS
                                      UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 4