UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHEEBA B. ORIKO,

       Plaintiff,

     v.

STARBUCKS CORPORATION, a
Washington corporation; and HEATHER
PEABODY,

       Defendants.

Case No. C07-5230FDB

ORDER DENYING PLAINTIFF'S
MOTION TO SEAL THE RECORD

Plaintiff's claims against Heather Peabody were dismissed on August 13, 2007. Plaintiff's

defamation claim was dismissed on October 31, 2007. On April 29, 2008, Plaintiff sought to remove

her attorney of record, which was granted on May 5, 2008 along with granting an extension of time

to June 5, 2008 to complete discovery. Defendant Starbucks then moved for summary judgment on

June 12, 2008. On June 27, 2008, Plaintiff filed a notice of dismissal [Dkt. # 59]. On July 7, 2008

[Dkt. #s 51 & 52], Plaintiff filed responses to the summary judgment motion setting forth certain

personal problems with her two counsel of record and her illness at that time, and also setting forth

her contentions regarding her lawsuit. Although, on the record before it, the Court did not find

Plaintiff's case compelling, nevertheless it allowed the case to be dismissed {Dkt. # 65].

ORDER - 1

1    Plaintiff now moves to seal the record in this case. Plaintiff asserts that she has not been able

2    to obtain employment owing to the negative impact that her lawsuit has had on her efforts to find

3    work. Plaintiff therefore requests that the Court direct the Clerk to seal the record.

4    A protective order sealing documents may be available upon the party showing "good cause,"

5    that is, a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*,

6    519 F.2d 418, 429 (9th Cir. 1975). Even if "good cause" is shown, a court must still balance the

7    interests in allowing discovery against the relative burdens to the parties (and non-parties). *Wood v.*

8    *McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981). Most courts recognize a presumption of public

9    access to court records based on common law and First Amendment (free press) grounds. *See Nixon*

10   *v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General*

11   *Motors Corp.*, 307 F.3d 1206 1212 (9th Cir. 2002). Some courts distinguish between dispositive and

12   nondispositive pleadings and motions and hold that "compelling reasons" must be shown to seal

13   judicial records attached to a dispositive motion (e.g. for summary judgment), and such reasons may

14   include using the records "to gratify private spite, promote public scandal, circulate libelous

15   statements, or release trade secrets." *Kamakana v. City & County of Honolulu,* 447 F.3d 1172,

16   1179 (9th Cir. 2006).

17   Under the circumstances of this case, Plaintiff has failed to show compelling reasons to seal

18   the record herein. In seeking dismissal of this case, Plaintiff acknowledged that through the

19   discovery process, she believed that the Defendants realized that they wronged her, and she frankly

20   conceded that "I also see some reasons why they ended my employment." [Dkt. # 59] Plaintiff was

21   given a great deal of leeway in this case, and in dismissing the case, the Court admonished Plaintiff

22   that just because she was pro se, the did not have unimpeded leeway to proceed as she saw fit in the

23   case. The Court has dismissed a defendant and a claim in this case and allowed Plaintiff a dismissal

24   at a late stage after Starbuck's summary judgment motion had been fully briefed. Now – almost a

25   year later – Plaintiff has reservations about having brought the case and seeks to have the record

26   ORDER - 2

1 sealed as though it never happened so that she does not have to deal with any consequences that she

2 attributes to her having filed this case in the first place. Plaintiff has failed to show good cause to

3 seal the record in this case and to overcome the presumption of public access to court records.

4      ACCORDINGLY, IT IS ORDERED: Plaintiff's Motion To Seal The Record [Dkt. # 67] is

5 DENIED.

6

7      DATED this 16th day of June, 2009.

8

9 _____

10    FRANKLIN D. BURGESS
   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 ORDER - 3